# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 94 C 1890 | **DATE** | 5/22/2000 |
| **CASE TITLE** | William B. Blanchard vs. Edgemark Financial Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 6/12/2000 at 10:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for leave to amend complaint to restate and dismiss certain claims, to name an additional defendant and to amend class period [304-1] is granted-in-part and denied-in-part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | 3 number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | MAY 2 3 2000 | |
| | Notified counsel by telephone. | date docketed | 345 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 5/22/2000 | |
| ✓ | Copy to judge/magistrate judge. | date mailed notice | |
| IS | courtroom deputy's initials | Date/time received in central Clerk's Office | IS mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM B. BLANCHARD, on behalf of )
himself and all others who sold, )
relinquished rights in or were )
deprived of ownership of shares )
of EdgeMark Financial Corporation )
common stock on or after April 1, )
1993 and on or before November 1, )
1993, )
)
        Plaintiff, )
)
   v. )
)
EDGEMARK FINANCIAL CORPORATION, )
ROGER A. ANDERSON, CHARLES A. )
BRUNING, DOE GROUP I, DOE GROUP II,)
and OLD KENT BANK, an Illinois )
banking corporation,     , )
)
        Defendants. )

Case No. 94 C 1890

Judge Wayne R. Andersen

Magistrate Judge
  Martin C. Ashman

DOCKETED

MAY 23 2000

## MEMORANDUM OPINION AND ORDER

This class-action securities-fraud case is before this Court
on Plaintiff's motion for leave to file a fourth amended
complaint to restate certain claims, to voluntarily dismiss the
insider-trading claims without costs, to name an additional
defendant, and to amend the class period, in accordance with Rule
15 of the Federal Rules of Civil Procedure. Defendants contend
that restating the claims is a futile endeavor which cannot
survive a motion to dismiss. For the reasons given below, this
Court grants-in-part and denies-in-part the motion.

## I.  Background

The majority of the background information pertinent to this case has already been set forth in numerous previous opinions and will not be reproduced here, except to the extent necessary to an understanding of the disposition of this motion. *See Blanchard v. Edgemark Fin. Corp.*, No. 94-C-1890, 1999 WL 59994 (N.D. Ill. Feb. 3, 1999) (docket entry #195-1); Mem. Op. and Order, No. 94-C-1890 (N.D. Ill. Aug. 25, 1997) (docket entry #141-1); Report and Recommendation, No. 94-C-1890 (N.D. Ill. May 26, 1995) (docket entry #54-1).  The present complaint, now in its third manifestation, alleges that Defendants violated Sections 10(b) and 14(e) of the Securities and Exchange Act of 1934 (hereafter "Section 10(b)"), 15 U.S.C. §§ 78j(b) & 78n(e), Rule 14e-3, 17 C.F.R. § 240.14e-3, and the Insider Trading and Securities Fraud Enforcement Act, 15 U.S.C. § 78t-1, by concealing material facts pertaining to the sale of Defendant Edgemark Financial Corporation (hereafter "Edgemark"), and by engaging in illegal insider trading and tipping on inside information.  It also contains various state-law counts, including a claim for a constructive trust, common-law fraud, and tortious interference against Defendant Old Kent Bank in connection with its settlement with the previous class representative, Joseph Beale. *See* Mem. Op. and Order, No. 94-C-1890 (N.D. Ill. Aug. 25, 1997) (docket entry #141-1).  This Court certified the class, with Mr. Blanchard as its representative, on August 1, 1995, for all those

who sold, relinquished rights in or were otherwise deprived of ownership of shares of Edgemark common stock between April 1 and November 1, 1993. *See* Mem. Op. and Order, 94-C-1890 (N.D. Ill. Aug. 1, 1995) (docket entry #59-1).

By the present motion, Plaintiff seeks leave to amend his complaint (1) to redefine the start of the class period from April 1, 1993 to November 1, 1992; (2) to add new allegations which support the claims (a) that a special relationship existed between Defendants and all class members, (b) that Defendants' omission of material facts rendered other communications misleading, and (c) that all members of the class were foreseeable and intended victims of the alleged scheme to defraud the class; (3) to name as a new defendant Old Kent-Illinois, the successor corporation to Defendant Edgemark and parent of Defendant Old Kent Bank; and (4) to voluntarily dismiss without costs the insider trading, unjust enrichment, and constructive trust counts (Counts II-V). Defendants oppose the proposed redefinition of the class period and other amendments as a futile endeavor which cannot survive under a motion to dismiss standard. Defendants also object to Plaintiff's naming Old-Kent Illinois as a defendant, contending that Plaintiff has made no substantive allegations against this new defendant, and has failed to explain his apparently extraordinary delay in seeking leave to add it. Defendants do not object to the dismissal of the insider-trading Counts II-V, but urge that any consideration of costs and fees is best done at the conclusion of this case.

## II. __Discussion__

### A. Applicable Standards

Generally, "leave [to amend a complaint] shall be freely
given when justice so requires." FED R. CIV. P. 15(a). However,
such leave may be denied "where there has been undue delay,
dilatory motive on the part of the movant, repeated failure to
cure previous deficiencies, and where amendment would be futile."
*McGee v. Kerr-Hickman Chrysler Plymouth, Inc.*, 93 F.3d 380, 385
(7th Cir. 1996). An amendment is futile where it is incapable of
surviving a motion to dismiss. *See General Elec. Capital Corp.*
*v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997);
*Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

In ruling on a motion to dismiss, the court must construe
the pleadings in the light most favorable to the plaintiff, *see*
*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), taking as true all
well pleaded allegations and any reasonable inferences therefrom
in the complaint, *see Zinermon v. Burch*, 494 U.S. 113, 118
(1990); *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th
Cir. 1995). Accordingly, a motion to dismiss should not be
granted "unless it appears beyond a reasonable doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,
45-46 (1957). Under the federal system of "notice pleading," a
plaintiff need only furnish "'a short and plain statement of the

claim' that will give the defendant fair notice of what the
plaintiff's claim is and the grounds upon which it rests."
*Leatherman v. Tarrant County Narcotics Intelligence And
Coordination Unit*, 507 U.S. 163, 168 (1993).

A claim for securities fraud must state "with particularity"
the circumstances constituting fraud to conform with the
requirements of Rule 9(b) of the Federal Rules of Civil
Procedure.  Those requirements have been summarized as the "the
who, what, when, where, and how:  the first paragraph of any
newspaper story." *Katz v. Household Int'l, Inc.*, 91 F.3d 1036,
1040 (7th Cir. 1996) (quoting *DiLeo v. Ernst & Young*, 901 F.2d
624, 627 (7th Cir. 1990)).  The circumstances of fraud or mistake
include "the identity of the person who made the
misrepresentation, the time, place and content of the
misrepresentation, and the method by which the misrepresentation
was communicated to the plaintiff." *Vicom, Inc. v. Harbridge
Merchant Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)
(quotations omitted).

**B.    Plaintiff Has Adequately Alleged a Special
Relationship Between the Holders of Voting Trust
Certificate and the Defendant Directors/Trustees
Only From November 1, 1992, to December 31, 1992,
But Not Thereafter.**

When Plaintiff sought to file a third amended complaint,
Judge Andersen rejected the proposition that a defendant who owes
a duty to disclose to a class representative based on a special

relationship automatically owes a duty to disclose to the rest of the class. *See* Mem. Op. and Order, 94-C-1890, at 14-15 (N.D. Ill. Feb. 2, 1999) (docket entry #194-1). Plaintiff submits that the proposed amendments supply the special-relationship allegations that Judge Andersen found wanting in the third amended complaint. In general, the proposed amendments allege that Edgemark, though a public corporation, took on the character of a closely held corporation, and therefore, Plaintiff argues, it enjoyed a special relationship with the class members per *Jordan v. Duff and Phelps, Inc.*, 815 F.2d 429 (7th Cir. 1987). Defendants argue that Edgemark was in fact a public corporation, and *Jordan* reaffirms the bright-line rule that public corporations have no duty to disclose pre-merger negotiations.

Liability under Section 10(b) and Rule 10b-5 for failure to disclose depends upon the existence of a duty to disclose. *See Chiarella v. United States*, 445 U.S. 222, 230 (1980). This duty may arise where the omission renders other affirmative statements misleading or where there is a special relationship of trust and confidence between the parties. *See id.* at 227-30; *see also Schlifke v. Seafirst Corp.*, 866 F.2d 935, 944-46 (7th Cir. 1989). In *Chiarella*, the Court suggested that factors pertinent to determining whether a special relationship exists include whether the insider had any prior dealings with the sellers, whether the insider was the sellers' agent or a fiduciary, or whether the

insider was a person in whom the sellers had placed their trust and confidence. *See Chiarella*, 445 U.S. at 232.

The Seventh Circuit has created a bright-line test for determining whether a duty to disclose exists in failure to disclose cases. A public corporation has no duty to disclose ongoing negotiations for a merger until it reaches an agreement in principle on the price and structure of the deal. *See Jordan v. Duff and Phelps, Inc.*, 815 F.2d 429, 431 (7th Cir. 1987) (citing *Flamm v. Eberstadt*, 814 F.2d 1169, 1177-78 (7th Cir. 1987)).[1] Closely held corporations, on the other hand, have a duty to disclose material information to the person whose stock is being acquired. *See Jordan*, 815 F.2d at 431 (citing *Michaels v. Michaels*, 767 F.2d 1185, 1194-97 (7th Cir. 1985)). Secrecy maximizes shareholder wealth in the context of public corporations by encouraging potential bidders to offer their most aggressive price on a deal. Fear of public disclosure would reduce the willingness of bidders to name their best price. *See Jordan*, 815 F.2d at 431.

Here, the proposed amendments attempt to show that the relationship between the class members and the defendants went

---

[1] The Supreme Court has rejected the Seventh Circuit's agreement-in-principle test of *materiality*, in *Basic v. Levinson*, but it was careful to note that *Basic* did not involve a duty to disclose, 485 U.S. 224, 235 (1988). There, the issuer made three public statements denying that it was engaged in merger negotiations. *See id*. at 227. That is not the situation here.

beyond strangers dealing "through impersonal market transactions." *Chiarella*, 445 U.S. at 233. Specifically, the proposed amendments allege that: (1) the defendants solicited class members to invest in the initial public offering ("IPO") of Edgemark in 1988; (2) the defendants required or convinced class members to purchase Voting Trust Certificates, over which the defendants maintained absolute control, instead of common stock; (3) the defendants represented to the class members that Edgemark was being formed for the purpose of effectuating a near-term sale; (4) the defendants knew that the class members invested in Edgemark with the understanding that it would be sold soon thereafter; (5) Edgemark's directors and shareholders lived in close physical proximity to one another and were part of the same "social community"; (6) Edgemark's directors occupied the dual role of trustees of the Voting Trust in which the class members had purchased certificates and over which the directors held absolute control; (7) the Voting Trust Certificates were not freely tradeable and no market existed for them during the existence of the Voting Trust; and (8) the defendants knew that after the IPO, there would only be sporadic trading in Edgemark shares at a price below what the class members paid for their Voting Trust Certificates. ([Proposed] Fourth Am. Class Action Compl., ¶ 88 [hereafter "Proposed Compl."].)

With respect to the holders of the Voting Trust Certificates ("certificate holders"), Plaintiff has adequately alleged the existence of a special relationship with the defendants who were

both directors of Edgemark and trustees of the Voting Trust. The directors' dual role as trustees of the Voting Trust created a fiduciary relationship with the certificate holders, but only while the Voting Trust Agreement was in effect. After the Voting Trust Agreement expired on December 31, 1992, and the Voting Trust Certificates were converted to common stock, the directors' dual role as trustees was extinguished. Plaintiff offers no authority that the directors continued to enjoy a special relationship beyond the expiration of the Voting Trust Agreement, and this Court has found no such authority. Therefore, the proposed allegations support the existence of a special relationship between the certificate holders and the defendant directors who were trustees of the Voting Trust Agreement from November 1, 1992, to December 31, 1992,[2] but not during any other time period nor as to any other class member.

On the contrary, the proposed amendments do not adequately allege a special relationship between the defendants and the class-member shareholders who did not purchase Voting Trust Certificates or between the defendants and the former certificate holders after their certificates were converted to shares of stock. All of these class members held common stock in a publicly traded corporation during all relevant time periods, and the Seventh Circuit follows a bright-line disclosure rule that

---

[2] Defendants also argue that to permit Plaintiff to allege a special relationship with the certificate holders would destroy class certification. However, a motion to decertify the class is not presently before this Court. The standard we apply here is whether the amendments can survive a motion to dismiss.

public corporations have no duty to disclose ongoing merger negotiations until a deal is consummated. *See Jordan*, 815 F.2d at 431. Thus, Plaintiff's portrayal of Edgemark as a community bank with close ties to its shareholders is unavailing. The proposed amendments alleging a special relationship between the defendants and the class members who held common stock during the relevant time periods, including former certificate holders, are futile, and are therefore not allowed.

### C. Plaintiff Still Fails To Allege That Defendants' Alleged Omissions Rendered Other Affirmative Statements Misleading.

As stated earlier, the other circumstance in which a duty to disclose may arise is where the failure to disclose renders other affirmative statements misleading. *See Schlifke*, 866 F.2d at 944-46. When Plaintiff sought leave to file a third amended complaint, this Court concluded that Edgemark's alleged omissions did not render misleading three other statements proposed by Plaintiff.[3] In rejecting the proposed statements, this Court noted that they could not reasonably be viewed as a declaration that Edgemark had abandoned its efforts to find a buyer, or that they implied that a sale of Edgemark was more or less likely to occur. Plaintiff reasserts the same statements offered before, (Proposed Compl., ¶ 86(f)), as well as new statements which

---

[3] Those statements are found in *Blanchard*, 94-C-1890, 1999 WL 59994, at *6 (N.D. Ill. Feb. 3, 1999).

apparently cure the shortcomings of the previous three. (*Id.*
¶¶ 86(a)-(e).) These include: letters to class members in
November of 1992 and May of 1993; an Edgemark 12(g) Registration
Statement filed in 1993; an Edgemark 1992 Annual Report; an
Edgemark Proxy Statement and Notice of Annual Meeting in April of
1993; and a Form 10-K for fiscal year ending December 31, 1992.
Plaintiff also alleges that the class members were *in fact* misled
by some or many of the statements. (*Id.* ¶¶ 78-79.) This
allegation is apparently an attempt to overcome this Court's
previous determination that, as a matter of law, no reasonable
person could have concluded from the first three statements that
Edgemark had abandoned its efforts to find a buyer.

We are not swayed by Plaintiff's new allegation that the
class members were in fact misled by some or many of the
proffered statements. As Defendants point out, despite this new
allegation, we now have less than before. In his Third Amended
Complaint, Plaintiff identified three *specific* statements he
thought were rendered misleading. Now, Plaintiff offers no
specifics whatsoever. Rather, Plaintiff contends that the
communications are misleading generally because they did not
state or suggest whether Edgemark was still actively seeking a
buyer or whether a sale was imminent. But this assertion runs
squarely counter to the maxim that "silence, absent a duty to
disclose, is not misleading under Rule 10b-5." *Basic*, 485 U.S.

at 239 n.17.[4]  As for Plaintiff's allegation that the class

members were in fact misled, we are tempted to ask, misled by

what?  Now we have far less specificity than before.  If the

specifics before did not suffice, certainly the generalities now

will not.  Until Plaintiff can identify an affirmative statement

from which a reasonable person could conclude that Edgemark had

ceased its efforts to find a new buyer, as a matter of law,

Edgemark is not liable for failing to disclose under Section

10(b).

Finally, Plaintiff argues that his new allegation that the

class members were in fact misled by various Edgemark statements

renders inapplicable the "reasonable investor" standard used in a

"fraud on the market" case, such as *Kas v. Caterpillar, Inc.*, 815

F. Supp. 1158 (C.D. Ill. 1992).  However, because Plaintiff has

failed to identify any specific statements which were rendered

misleading by Edgemark's omission, this argument is really beside

the point.  Therefore, for the foregoing reasons, Plaintiff's

request for leave to plead additional statements to show a duty

to disclose is denied for the same reasons leave was denied in

connection with the Third Amended Complaint.

---

[4]  Plaintiff apparently did not see fit or was unable to
point out a single specific, affirmative statement which rendered
misleading the alleged omissions.  This Court refuses to scour
through the lengthy communications in search of such a statement.

## D. Plaintiff Has Not Alleged a Duty To Disclose To All Class Members.

In a final attempt to show that the defendants owed a duty to disclose to all class members, Plaintiff argues that the class members were foreseeable and intended victims of the defendants' fraudulent scheme to defraud Mr. Beale. (Proposed Compl., ¶ 90.) Plaintiff relies on *In re EDC, Inc.*, 930 F.2d 1275, 1279 (7th Cir. 1991), a RICO case in which the Court held that one can be an intended victim of a fraud without being its primary victim. Defendants contend that a securities fraud claim involves establishing a duty to speak, and *In re EDC* carries Plaintiff no closer to establishing that duty.

Plaintiff's "blanket fraud" argument does not cure his failure to allege a duty to disclose to all class members. As the Court in *In re EDC* observed, "there is more to fraud than intent to defraud." *Id.* at 1279-80. Here, there is no securities fraud without a duty to disclose. Intended victims or not, the class members have not established a duty to disclose, and that is fatal to their fraud-by-omission claim.

## E. The New Non-Futile Allegations Relate Back To The Original Complaint

Defendants argue that the new securities-fraud allegations are barred by the statute of limitations, and the relation-back provision of Rule 15(c) of the Federal Rules of Civil Procedure does not save them. Plaintiff responds that the proposed

amendments are proper under Rule 15(c)(2) of the Federal Rules of

Civil Procedure because the expansion of the class to add new

*plaintiffs* arises from the same basic scheme of securities fraud

alleged in the complaint.

> Rule 15(c) provides for the relation back of amendments:
>
> An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by the amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c). Rule 15(c) derives from the equitable

notion that dispositive decisions should be resolved on the

merits rather than on technicalities. *See Woods v. Indiana

Univ.-Purdue Univ.*, 996 F.2d 880, 884 (7th Cir. 1993). "It is

well settled that the Federal Rules of Civil Procedure are to be

liberally construed to effectuate the general purpose of seeing

that cases are tried on the merits and to dispense with technical

procedural problems. To this end, amendments pursuant to Rule 15(c) should be freely allowed." *Id.* (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)). Thus, "[i]n general, relation back is permitted under Rule 15(c)(2) where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996) (citations omitted). Whether an amended pleading relates back to the date of the original pleading is a matter within the sound discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Although Defendants apparently resist the proposed amendments based on Rule 15(c)(3) and possibly Rule 15(c)(1), Plaintiff contends that the amendments properly relate back in accordance with Rule 15(c)(2), which provides an independent basis for relation back. Although this Court disagrees that Rule 15(c)(2) cannot be applied without reference to Rule 15(c)(3) in this case, this Court finds that relation back is nonetheless proper under Rule 15(c)(3).

But for the relation-back provision of Rule 15(c), the proposed amendments would normally be time-barred by the statute of limitations applicable to securities fraud cases. Private actions for violations of Section 10(b) of the Securities and

Exchange Act must be brought within one year of discovery of the alleged violation, and no later than three years after the alleged violation occurred, regardless of when discovered. *See* 15 U.S.C. § 78i(e); *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991), *retroactive application superseded by statute*, 15 U.S.C. § 78aa-1. Here, the latest alleged violation occurred on November 1, 1993, so any claim thereon not brought before November 1, 1996 would be barred, unless it is saved by the relation-back provision of Rule 15(c).

Rule 15(c)(3) supplies the proper relation-back rule in this case because Plaintiff seeks to expand the class period back to November 1, 1992, thereby adding new class-member plaintiffs. Plaintiff argues that Rule 15(c)(3) is inapplicable because it only applies to the adding of new defendants. However, it is generally accepted that Rule 15(c)(3) contemplates the adding of new plaintiffs as well, *see, e.g., Allied Int'l, Inc. v. International Longshoremen's Ass'n*, 814 F.2d 32, 35-36 (1st Cir. 1987); *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982); *Staren v. American Nat'l Bank & Trust Co.*, 529 F.2d 1257, 1263 (7th Cir. 1976),[5] so long as three requirements are met: "[1] the amended complaint must arise out

---

[5] The Advisory Committee Notes to the 1966 amendment of the rule also point out that "the attitude taken in Revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs."

of the conduct, transaction, or occurrence set forth . . . in the original pleading; [2] there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and [3] undue prejudice must be absent." *Allied Int'l*, 814 F.2d at 35-36 (citing *Staren*, 529 F.2d at 1263); *see also* FED. R. CIV. P. 15(c)(3).

Defendants contend that an additional requirement is that the plaintiff shows a mistake concerning the identity of the proper party. Plaintiff argues that the mistake requirement only applies to the misidentification of a party *defendant*, not plaintiff. Although there are cases supporting both views,[6] in any event, this Court concludes that Plaintiff's recent uncovering through fact discovery alleged statements which support pushing back the class period may be reasonably viewed as a "mistake" under a liberal construction of Rule 15(c), *see Woods*, 996 F.2d at 884. *Accord Rae v. Klusak*, 810 F. Supp. 983, 985 (N.D. Ill. 1993).

Despite Rule 15(c)(3)'s contemplation of adding new plaintiffs, Defendants argue that the statute of limitations can

---

[6] *Compare In re Bausch & Lomb, Inc. Sec. Litig.*, 941 F. Supp. 1352, 1364 (W.D.N.Y. 1996), *and Nelson v. County of Allegheny*, 60 F.3d 1010, 1014 (3d Cir. 1995), *with U.S. ex rel. Koch v. Koch Indus.*, No. 91-CV-763K, 1999 WL 504545, at *13-14 (N.D. Okla. July 6, 1999).

be tolled by a class action for members of the class only, citing *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 552-53 (1974), *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350-52 (1983), *Totsi v. City of Los Angeles*, 754 F.2d 1485, 1488 (9th Cir. 1985), and *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 936 (9th Cir. 1996). However, those cases involved the doctrine of equitable tolling, which is conceptually distinct from relation back. Defendants have not cited a case which holds that relation back can be overcome by the equitable-tolling doctrine. Therefore, regardless of whether tolling is appropriate in this case, relation back is proper so long as the requirements of Rule 15(c) are met.

In addition to satisfying the "mistake" requirement of Rule 15(c), the surviving amendments also satisfy the other requirements. No new claims are added, so the amended complaint clearly arises out of the same conduct, transaction, or occurrence set forth in the original complaint. Defendants do not dispute this. When the new plaintiffs have an identity of interest with the original plaintiff, courts generally assume that the defendants have notice of the claims of the new plaintiffs and suffer no prejudice by their addition as plaintiffs. *See Staren*, 529 F.2d at 1263. Although the new plaintiffs were voting-trust certificate holders, whereas the original plaintiffs were common-stockholders, both groups have an identical interest with their respective claims insofar as they

were victims of the same alleged fraudulent behavior. In addition, Defendants do not contend that they have not been given fair notice of the new plaintiffs' claims against them. A substantial part of discovery has been spent on determining precisely when Edgemark began courting a broker to help it find a buyer. The new plaintiffs contend that recent discovery reveals that the courtship happened sooner than previously thought. That it has been known from the complaint's inception that the class-member plaintiffs were seeking to ascertain the precise date when Edgemark approached DLJ in a relevant manner should have fairly put the defendants on notice that the class period could be altered as discovery proceeded. Finally, Defendants do not claim undue prejudice if the amended claims were permitted to relate back. All the requirements for Rule 15(c) having been met, the new properly amended allegations relate back to the original complaint.

### F. Old Kent-Illinois May Be Added As a New Defendant.

The Fourth Amended Complaint also seeks to add Old Kent-Illinois as a new defendant. Old Kent-Illinois is the successor corporation to Edgemark, which, according to the complaint, assumed all of Edgemark's liabilities. (Proposed Compl., ¶ 7.) Defendant Old Kent Bank, which was named on the original complaint, is a direct subsidiary of Old Kent-Illinois.

(*Id.*)  Defendants oppose Plaintiff's adding Old Kent Bank as a new defendant as untimely and futile.

Defendants argue that the proposed complaint does not include a claim for successor liability.  But paragraph 7 of the proposed complaint alleges that "[a]s the successor corporation to Edgemark, Old Kent-Illinois is responsible for Edgemark's liabilities."  (*Id.*)  Thus, the allegations against Edgemark are also against Old Kent-Illinois as Edgemark's successor.

Next, Defendants contend that Plaintiff must but cannot explain his six-year delay in seeking leave to add Old Kent-Illinois as a new defendant.  Had Old Kent-Illinois been merged with Edgemark before the original complaint was filed, Plaintiff would have had the option of naming the successor corporation or its pre-merger predecessor.  *See Lawrence v. Williamson Ford, Inc.*, 300 N.E.2d 636, 640 (Ill. App. Ct. 2d Dist. 1973).  As a matter of "[f]undamental fairness," the successor corporation should be given notice of the lawsuit so "that it may come in and defend."  *Id.*

Of course, when Plaintiff filed the original complaint, Edgemark had not yet merged with Old Kent-Illinois.  The merger occurred a few weeks after the complaint was filed.  Old Kent-Illinois has known about this lawsuit and in fact has defended against it since merging with Edgemark.  Therefore, it cannot claim lack of notice.  Moreover, no claim of prejudice is advanced.  Old Kent-Illinois may be added as a new defendant.

### G. Voluntary Dismissal of the Insider-Trading Claims Is Proper But Entertainment of Costs Would Be Premature.

Plaintiff seeks to dismiss voluntarily the allegations of Counts II through V. Defendants do not object to the dismissal of these allegations. Therefore, Counts II through V are dismissed.

Plaintiff also seeks to dismiss these allegations without costs. Defendants argue that a dismissal without costs is premature. This Court agrees.

Defendants contend that to dismiss the insider-trading allegations without costs now would preclude the possibility of later seeking Rule 11 sanctions. Plaintiff responds that before seeking sanctions, "defendants will be required to explain at trial why defendant Bruning *twice* tipped Harris Bank and Trust Company about Edgemark's plans to sell the bank . . . ." (Pl.'s Reply, at 14-15.) This underscores the premature nature of a dismissal without costs. Plaintiff also argues that Rule 15(a), which governs the voluntary dismissal of some, but not all, causes of action, it does not provide for the recovery of fees or costs. However, just because fees and costs may not be had under Rule 15(a) does not mean they are completely unavailable. Any award of costs or fees should be entertained at the conclusion of this case, if necessary.

## H.    The State-Law Amendments Are Unopposed.

Finally, Plaintiff seeks to amend the state-law claims in Counts II, III, and IV of the Proposed Fourth Amended Complaint. Defendants do not raise any objections regarding the addition of these amendments, nor do they raise any claims of prejudice if they are permitted.   Therefore, leave to amend the state-law claims is granted.

## III.    Conclusion

For the foregoing reasons, Plaintiff's Motion For Leave to Amend Complaint to Restate And Dismiss Certain Claims, to Name an Additional Defendant And to Amend Class Period [304-1] is granted-in-part and denied-in-part.  Plaintiff is granted leave to amend his complaint as follows:  the start of the class period may be redefined from April 1, 1993, to November 1, 1992, but only with regard to the class members who held Voting Trust Certificates from November 1, 1992, to December 31, 1992; new allegations may be added which support the claim that a special relationship existed between the directors who were also trustees from November 1, 1992, and December 31, 1992, and the class members who then held Voting Trust Certificates; Old Kent-Illinois may be added as a party defendant; Counts II-V are dismissed, but without prejudice as to costs and fees; and the

state-law claims may be amended. Leave to otherwise amend the
Third Amended Complaint is denied.

MARTIN C. ASHMAN
**Dated:** May 22, 2000.                    United States Magistrate Judge

Copies have been mailed to:

REUBEN L. HEDLUND, Esq.
STEPHEN C. HACKNEY, Esq.
Hedlund, Hanley & John
5700 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

PAUL E. FREEHLING, Esq.
VICTORIA P. HALLOCK, Esq.
D'Ancona & Pflaum
30 North LaSalle Street
Suite 2900
Chicago, IL 60602

WILLIAM K. HOLMES, Esq.
MOLLY E. McFARLANE, Esq.
Warner, Norgross & Judd
900 Old Kent Building
111 Lyon Street, N.W.
Grand Rapids, MI 49503

Attorneys for Plaintiff

Attorneys for Defendants