Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Martin C. Ashman |
|---|---|---|---|
| **CASE NUMBER** | 94 C 1890 | **DATE** | 8/30/2000 |
| **CASE TITLE** | William B. Blanchard vs. Edgemark Financial Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for injunction [231-1] and sanctions [231-2] is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | 4 number of notices | **Document Number** |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | AUG 31 2000 date docketed | 370 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | |
| IS | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 AUG 30 PM 3: 12 | 8/30/2000 date mailed notice IS mailing deputy initials |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM B. BLANCHARD, on behalf of )
himself and all others who sold, )
relinquished rights in or were )
deprived of ownership of shares )
of EdgeMark Financial Corporation )
common stock on or after November )
1, 1992 and on or before November )
1, 1993 )
)
      Plaintiff, )  Case No. 94 C 1890
)
v. )  Judge Wayne R. Andersen
)
EDGEMARK FINANCIAL CORPORATION, )  Magistrate Judge
ROGER A. ANDERSON, CHARLES A. )    Martin C. Ashman
BRUNING, DOE GROUP I, DOE GROUP II,)
and OLD KENT BANK, an Illinois )
banking corporation, )  **DOCKETED**
)
      Defendants. )  AUG 3 1 2000

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiff's Emergency Motion for Injunction and Sanctions. The general background of this case has been set forth extensively in numerous prior opinions and will not be repeated here. For the reasons that follow, the motion is denied.

Plaintiff has moved for an injunction and sanctions against Defendants for (1) their alleged reoccurring violations of Rules 4.2 and 8.4(a)(5) of the Illinois Rules of Professional Conduct ("IRPC"), and for their alleged contempt of this Court's rulings of September 11, 1998, *Blanchard v. Edgemark Fin. Corp.*, No. 94 C 1890, 1998 WL 988958 (N.D. Ill. Sept. 11, 1998). The motion

is based upon (1) Defendants' counsel's sending letters to stockbrokers on August 26 and 27, 1999, seeking copies of whatever the stockbrokers provided to Plaintiff in response to a letter sent to them by Plaintiff, and (2) a telephone conversation between Mr. Freehling, counsel for Defendants, and Mr. David Leibowitz, an attorney who Mr. Freehling learned during the conversation was a class member. Plaintiff argues that Defendants' counsel's letters contained false or misleading information, constituted a willful and unethical contact with class members, and were designed to chill cooperation by these brokers with class counsel. Alternatively, Plaintiff contends that any response by the brokers to Plaintiff would be covered by the attorney-client privilege, and therefore Defendants would not be entitled to such information. Plaintiff suggests that an appropriate remedy would be entry of judgment, disqualification of Defendants' counsel, or production of privileged documents withheld by Defendants.

In late August of 1999, Plaintiff's counsel sent 17 letters to 15 securities brokers requesting the names and addresses of the brokers' customers who held Edgemark stock in street name and sold it between April 30 through November 1, 1993. "[I]n the spirit of cooperation," Plaintiff's counsel sent a copy of this letter to Defendants' counsel. (Pl.'s Mem., Ex. B.) Defendants responded by sending the following letter to the same brokers:

> We are the attorneys representing Edgemark
> Financial Corporation ("Edgemark") and others in the
> above referenced action. On or about August 27, 1999,
> you received a letter from Ms. Kay L. Pick of the law

- 2 -

firm of Hedlund Hanley & John. That firm has filed a
class action lawsuit against Edgemark, its successor,
Old Kent Financial Corporation and two of Edgemark's
former directors alleging, among other things, illegal
insider trading based on tips from one or more of the
defendants. Edgemark strongly denies the plaintiff's
allegations and is vigorously defending the action.

In her letter, Ms. Pick asks you to provide her
with the names and addresses of your clients on whose
behalf you purchased or sold Edgemark stock during the
period April 30, 1993 to November 1, 1993, the time
frame of the alleged insider trading. Plaintiffs seek
this information because they believe that certain
persons traded on inside information during the time
period.

If you either have already responded or intent to
respond, we would appreciate it if you would send us
copies of all information you provide to Ms. Pick or
her law firm. If you have any questions, please do not
hesitate to call me.

(Pl.'s Mem., Ex. C.) On September 10, 1999, by agreement of the parties, this Court ordered that Defendants would neither receive nor initiate any written or oral communications with any of the broker recipients.

In or around September of 1999, Mr. Freehling, counsel for Defendants, telephoned Mr. Leibowitz, an attorney identified by Plaintiff as "possess[ing] knowledge relating to the purchase and sale of his own stock as well as communications with Charles Bruning," the President of Edgemark. (Def.'s Resp., Ex. 1A, at 7.) According to Mr. Freehling's affidavit, Mr. Freehling telephoned Attorney Leibowitz "with considerable apprehension, but most definitely *not* because [Mr. Freehling] thought [Attorney Leibowitz] might be a class member . . . ." (*Id.*, Ex. 1, ¶ 12 (emphasis in original).) During the conversation, Mr. Freehling

avers that he learned that Mr. Leibowitz's conversation with Mr. Bruning had occurred in the Spring of 1993 and had lasted only about one minute. (*Id.*) Thereafter, Mr. Leibowitz apparently mentioned that he had sold Edgemark stock during the relevant time period, at which time Mr. Freehling immediately terminated the conversation. (*Id.*, ¶ 13.)

Plaintiff argues that Defendants' written contact with the brokers and telephonic contact with Attorney Leibowitz violated Rule 4.2's proscription against an attorney's directly contacting someone the attorney knows to be represented by counsel, and violated Rule 8.4(a)(5)'s prohibition against engaging in prejudicial conduct by using language in the letter designed to chill the brokers' cooperation with Plaintiff's discovery efforts. Although the Court finds that Defendant's contact with the brokers was careless, no clear ethics violation occurred.

Rule 4.2 of the Illinois Rules of Professional Conduct provides:

> During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

Rule 8.4(a)(5) provides that a lawyer shall not "engage in conduct that is prejudicial to the administration of justice." Rule 8.4(a)(5) is dependent in nature, and therefore cannot be viewed in isolation. *See In re Witt*, 583 N.E.2d 526, 535 (Ill.

1991) ("a charge of Rule 1-102(a)(5) [the predecessor to Rule 8.4(a)(5)] violation, like a Canon 9 violation, is a subsidiary one which is dependent upon other substantive charges."). Therefore, a Rule 8.4(a)(5) violation cannot occur unless Defendants violated Rule 4.2. IRPC misconduct must be proved by "clear and convincing evidence." *Id.* at 531.

Plaintiff argues that the brokers were class members until they informed Plaintiff to the contrary, and therefore contact with the brokers constituted contact with a class member. Alternatively, Plaintiff contends that the brokers were *representatives* of the class members, and therefore contact with them constituted contact with the representative class member. Defendants respond that Plaintiff has cited no authority in support of these contentions and that to date no broker has indicated that it owned and sold any Edgemark stock during the relevant class period.

It is unclear whether Plaintiff's contact with the brokers constituted actual contact with a class member, because it is unknown even now whether any of the brokers coincidentally traded shares of Edgemark stock on their own behalf during the relevant class period. Rule 4.2 requires knowledge on the part of the contacting attorney that the party is represented by another lawyer. But here, Defendants apparently never acquired such knowledge because they failed to ascertain in advance of sending the letters whether any of the intended recipients were in fact class members. Defendants were shooting in the dark, as it were,

operating under the assumption that what they didn't know couldn't hurt them. Although this conduct was careless, and this Court disapproves it, it did not amount to a clear and convincing evidence of a Rule 4.2 violation.

Similarly, Mr. Freehling's conversation with Attorney Leibowitz proceeded under the same "willful blindness" analogy. Although Mr. Freehling claims in his affidavit that the possibility of Mr. Leibowitz's being a class member never crossed his mind, he cryptically states that he was nonetheless apprehensive about calling Mr. Leibowitz, ostensibly because he was worried that Mr. Leibowitz may have traded on inside information. If Mr. Freehling was concerned that Mr. Leibowitz may have traded on inside information, then he should have been concerned that Mr. Leibowitz may have traded stock during the relevant class period, and it should have crossed Mr. Freehling's mind from the outset that Mr. Leibowitz might have been a class member. But Mr. Freehling swears that the possibility never crossed his mind, so his telephoning Mr. Leibowitz under the circumstances was at best careless, but it was not a clear violation of Rule 4.2, and accordingly not a violation of Rule 8.4(a)(5).

Finally, the language used by Defendants in the letters was designed to chill Plaintiff's discovery efforts, but it did not constitute a clear violation of Rule 8.4(a)(5), which cannot form an independent basis for an ethical violation in any event. Defendants three times dropped references to illegal "insider

trading" in the letters, and these references were clearly designed to chill Plaintiff's attempts to obtain discovery from these brokers. Yet Defendants proudly proclaim that they had the "right--indeed, perhaps the responsibility" to tell the brokers a "material fact" which was omitted by Plaintiff. (Def.'s Resp., at 6.) Maybe so, but the frequent mention of "insider trading" suggests that Defendants had a less lofty purpose in mind. Nevertheless no clear violation of Rule 8.4(a)(5) has been shown.

As stated previously, this Court ordered on September 10, 1999, that Defendants neither receive nor initiate any further oral or written communication with any of the brokers. This order will remain in effect indefinitely, which eliminates any claim of prejudice Plaintiff may have,[1] and obviates the need to address Plaintiff's claims of privilege.

Defendants' written contact with brokers who could have been class members and telephonic contact with an actual class member were careless acts that should have been handled differently. Defendants know how to obtain information from potential or possible class members without potentially or possibly violating ethical or procedural rules. But they did not clearly violate

---

[1] Plaintiff has not shown any actual prejudice to him prior to September 10, 1999.

Rule 4.2, and thus Plaintiff's motion for injunction [231-1] and sanctions [231-2] is denied.

**ENTER ORDER:**

Dated: August 30, 2000.

**MARTIN C. ASHMAN**
United States Magistrate Judge

Copies have been mailed to:

REUBEN L. HEDLUND, Esq.  
STEPHEN C. HACKNEY, Esq.  
Hedlund, Hanley & John  
5700 Sears Tower  
233 South Wacker Drive  
Chicago, IL 60606

PAUL E. FREEHLING, Esq.  
VICTORIA P. HALLOCK, Esq.  
D'Ancona & Pflaum  
111 East Wacker Drive  
Suite 2800  
Chicago, IL 60601

WILLIAM K. HOLMES, Esq.  
MOLLY E. McFARLANE, Esq.  
Warner, Norgross & Judd, LLP  
900 Old Kent Building  
111 Lyon Street, N.W.  
Grand Rapids, MI 49503-2489

Attorneys for Plaintiff

Attorneys for Defendants